```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,           )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )    Criminal No. 2019-12
                                    )
KING BOB LEONARD and TOMMY RAMIREZ, )
                                    )
         Defendants.                )
_____)
```

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Delia L. Smith, AUSA**
**Jennifer H Blecher, AUSA**
**Kyle Payne, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Luis Rivera Rodriguez**
**Allan A. Rivera-Fernandez**
Luis Rafael Rivera Law Office
San Juan, PR
**Darren John-Baptiste**
Law Offices of Darren John-Baptiste
St. Thomas, VI
    *For King Bob Leonard.*

**Alex Omar Rosa-Ambert**
Rosa-Ambert Law Offices
San Juan, PR
    *For Tommy Ramirez.*

## <u>ORDER</u>

**GÓMEZ, J.**

    Before the Court is the motion of Tommy Ramirez ("Ramirez") to continue the April 6, 2020, trial in this matter.

As grounds for his request, Ramirez explains that, due to the COVID-19 virus pandemic, Puerto Rico's Governor has issued a State of Emergency for Puerto Rico. As part of containment efforts, Ramirez asserts that all visitation to the Metropolitan Detention Center in Guaynabo, Puerto Rico--where Ramirez is currently detained--has been prohibited until May 29, 2020. As such, Ramirez asserts that his counsel, Attorney Rosa-Ambert, will be unable to meet with him to prepare for trial.

Moreover, Attorney Rosa-Ambert reports that the Puerto Rican Governor also instituted martial law on March 15, 2020. Due to this circumstance, Attorney Rosa-Ambert asserts that he is prohibited from accessing a building in which he stores the file for this case.

Given the aforementioned circumstances, Ramirez requests that the trial in this matter be rescheduled to a date after May 29, 2020.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. First, an extension of time is necessary to allow Ramirez the opportunity to properly prepare for trial in consultation with his counsel. Second, without an extension,

Ramirez's counsel would be denied reasonable time necessary to prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance

includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through July 27, 2020, shall be excluded in computing the time within which the trial for King Bob Leonard and Tommy Ramirez must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Ramirez's motion to continue, ECF No. 117, is **GRANTED**; and it is further

**ORDERED** that the jury trial in this matter previously scheduled for April 6, 2020, is hereby **RESCHEDULED** to commence promptly at 9:00 A.M. on July 27, 2020, in Saint Thomas Courtroom 1.

S\_____
    **Curtis V. Gómez**
    **District Judge**