IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0012 |
| ) | |
| **TOMMY RAMIREZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**ORDER**

     **BEFORE THE COURT** is Tommy Ramirez's motion to continue the trial in this matter, currently scheduled for May 17, 2021. For the reasons stated herein, the time to try this case is extended up to and including August 2, 2021.

     On April 27, 2021, Tommy Ramirez ("Ramirez") filed a motion to continue the trial date. (ECF No. 161.) As a basis for his request, Ramirez asserts that he is engaged in continuing plea negotiations with the United States. *Id.* at 1. Ramirez further asserts that the recent surge in COVID-19 cases in Puerto Rico, where his counsel resides, presents a significant travel risk for his counsel. *Id.* at 1-2. As such, Ramirez requests to continue the trial date in this matter an additional 60 days to accommodate these circumstances. *Id.* at 2. Ramirez also represents that the United States does not oppose his motion to continue. *Id.*

     While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow Ramirez time to finalize plea negotiations.

     Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d

Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

Moreover, in response to the COVID-19 pandemic, the Chief Judge of the District Court of the Virgin Islands has entered a general order concerning operations of the Court. The Chief Judge has thus far extended the order twelve times, finding that the ends of justice require excluding March 18, 2020, through May 31, 2021, from the Speedy Trial count in all criminal matters.

To date, the COVID-19 virus has claimed more than 581,000 lives (27 of which have been in the U.S. Virgin Islands). Current testing indicates that the rate of contraction of the virus is slowing in recent weeks. Notwithstanding the decrease in the incidence of COVID-19 in the Virgin Islands over the past few weeks, the Court finds that a continuance of the trial date in this case is in the best interest of justice. COVID-19 continues to present an unpredictable threat to public health and safety. In light of these circumstances, the Court finds it necessary and appropriate to proceed with caution. Social distancing—specifically avoiding gatherings of more than 10 people and maintaining a distance of at least 6 feet from others—remains the most effective check against the COVID-19's transmission. Given these circumstances, the Court finds that extending the period within which the Defendant may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby

**ORDERED** that Ramirez's motion to continue the trial date is **GRANTED**; it is further

*United States v. Ramirez*
Case No.: 3:19-cr-0012
Order
Page 3 of 3

**ORDERED** that the time beginning from the date of this order granting an extension through August 2, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; and it is further

**ORDERED** that the jury trial in this matter previously scheduled for May 17, 2021, is **RESCHEDULED** to commence promptly at 9:30 A.M. on August 2, 2021, in St. Thomas Courtroom 1.

**Dated:** May 10, 2021                                           */s/ Robert A. Molloy*
                                                                              **ROBERT A. MOLLOY**
                                                                              **Chief Judge**